WILLIAM S. VOSE *vs.* THE NEWPORT STREET RAILWAY COMPANY.

The charter of a street railway company provided "Whenever any estate abutting on a street or highway, upon or over which the rails of said corporation shall be laid, shall be injured thereby, the said corporation shall be liable to pay the owner or owners thereof the damages thereby occasioned to said estate."

*Held*, that this provision applied to injuries incident to the laying of the rails, whether such injuries were or were not direct physical injuries to the estate.

*Held*, further, that this provision did not apply to injuries resulting from the use of the rails for travel.

TRESPASS ON THE CASE.    On demurrer to the declaration.

*Providence, July* 26, 1890.   DURFEE, C. J.   This action is brought for the recovery of damages under the eighth section of the defendant company's charter,[1] which reads as follows, to wit: —

"SECT. 8.   Whenever any estate abutting on a street or highway, upon or over which the rails of said corporation shall be laid, shall be injured thereby, the said corporation shall be liable to pay the owner or owners thereof the damages thereby occasioned to said estate."

The declaration sets forth that the plaintiff is and has been long the owner in fee of a lot of land with a dwelling-house and other buildings and improvements thereon, situated in the city of Newport, on Bath Road, so called, on and over which the rails of the company have been laid, worth $25,000 when the rails were laid, *i. e.* in April, A. D. 1889, and constantly increasing in value, which estate " was a source of great income to the plaintiff as a summer home and fashionable boarding place for well-to-do summer residents and for well-to-do temporary visitors, who have made and who desire to make their homes at said dwelling-house; that the laying of the rails and using the rails so laid has injured said estate, which injury has impaired the market and rental value thereof, and deprived the plaintiff of its use as aforesaid, and of the income and profit of said use."   A second count alleges damages by reason of the refusal of the plaintiff's guests and boarders of A. D. 1889 to renew their contracts for board and entertainment for the ensuing season, as they had been accustomed to do, the reason given for such refusal being the laying of said rails.   The company demurs.

The plaintiff claims that under said Section 8 he is entitled to damages for any injuries, direct or consequential, past or prospective, which he has sustained, or may sustain, as abutting owner, whether they result from the laying of the rails or from the use of the rails for travel.   The company contends that under said section it is liable only for damages for some direct physical injury to the estate regarded as a material body caused by the laying of the

[1] This charter is printed at length in *Taggart* v. *Newport Street Railway Co.*, 16 R. I. 668, 669 *sq.*

rails, and cites numerous cases. It seems to us that the best way to ascertain the meaning of the section is to give careful attention to its language. The company has pointed out that the language does not purport to give any claim for damages for injuries resulting from the mere using of the rails. This is clearly so. It is only by construction, if at all, that such claim can be allowed. We do not find any warrant for such a construction. Sections in the same words are to be found in the several horse-railway charters granted by our General Assembly, and we are not advised that such a construction has been claimed for any one of them. The use of streets and highways for travel by such railways, under legislative sanction, has been long recognized as legitimate; and we have recently decided, in a case against the defendant company, that the employment of electricity instead of horses, as a motor, makes no difference. *Taggart* v. *Newport Street Railway Co.* 16 R. I. 668. And therefore we think the defendant company is not to be held to liability for injuries and annoyances resulting from such use, in the absence of language more manifestly imposing it.

The language is, "whenever any estate abutting on a street or highway, upon or over which the rails of said corporation shall be laid, shall be injured *thereby*." Evidently the injury for which damages are recoverable is either injury from the rails as laid, or injury resulting from or incident to the laying of them. It seems to us that the injury contemplated was unquestionably of the latter kind; since the mere existence of the rails in a street or highway would not do any appreciable harm to an abutting estate. If this be so, was it simply a direct and physical injury which was contemplated? To hold so would be, in our opinion, to construe the section too strictly. A statutory provision would seldom, if ever, be necessary to enable an abuttor to recover damages for such an injury. We are of opinion that under the section the owner is entitled to damages for injuries resulting from the heaping of dirt or materials on the sidewalk so as to close or materially obstruct the access to his abutting house or shop. Such an injury would be temporary, but it would be an injury to the estate. If the street were excavated so as to lower the grade, the injury would or might be more permanent; but if authorized by the act of incorporation,

we think the abutting owner would be entitled to damages for it under said section. And so there may be other injuries, doubtless, without physical contact or encroachment.

The declaration does not show that any of the injuries complained of by the plaintiff are injuries resulting from the laying of the rails, as distinguished from those resulting from the using of them as laid. So far as appears, the injuries complained of are of the latter kind. We think the plaintiff, in order to maintain his action, should make it appear expressly that he has suffered injury to his estate from the laying of the rails.                              *Demurrer sustained.*

*Arnold Green & Patrick J. Galvin*, for plaintiff.

*Francis B. Peckham & Darius Baker*, for defendant.